# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
JEFFERSON SALAZAR GIRALDO,  *
                                        *       No. 19-249V
                                        *       Special Master Christian J. Moran
         Petitioner,     *
v.                                 *
                                        *       Filed: March 17, 2020
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,        *       Hepatitis A vaccine; meningococcal
                                        *       vaccine; human papillomavirus
         Respondent.    *       ("HPV") vaccine; influenza ("flu")
                                        *       vaccine; vasovagal syncope; alopecia
                                        *       areata.
* * * * * * * * * * * * * * * * * * * *

<u>Jefferson Salazar Giraldo</u>, Woodhaven, NY, pro se;
<u>Alexis B. Babcock</u>, United States Dep't of Justice, Washington, DC, for respondent.

## DECISION DENYING ENTITLEMENT[1]

      Jefferson Salazar Giraldo, who is representing himself, claims that various vaccinations injured him as detailed below. He seeks compensation through the National Childhood Vaccine Compensation Program. 42 U.S.C. § 300aa–10 through 33 (2012). The Secretary has opposed the award of compensation. Mr. Salazar Giraldo has sought a ruling that he is entitled to compensation. However,

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the decision.

due to a lack of sufficient evidence to establish injury or causation, Mr. Salazar Giraldo cannot be awarded compensation. Thus, his petition is dismissed.

I.   **Background**

Mr. Salazar Giraldo filed his petition on February 13, 2019. While Mr. Salazar Giraldo did not present separate counts as a professionally trained attorney might, the petition does set forth different causes of action. A summary is:

| Count | Para. | Vacc. Date | Vaccination | Injury |
|---|---|---|---|---|
| 1 | 2-7 | Nov. 18, 2011 | Hepatitis A, influenza | Vasovagal syncope |
| 2 | 8-13 | Jan. 16, 2014 | Influenza, HPV, meningococcal | Vasovagal syncope, plus HIV and alopecia areata |
| 3 | 14-20 | Dec. 2, 2015 | HPV, influenza | Vasovagal syncope plus worsening of alopecia universalis |
| 4 | 21-27 | April 8, 2016 | Meningococcal, influenza | Vasovagal syncope plus worsening of autoimmune disease, HIV-1 infection |

With the petition, Mr. Salazar Giraldo filed some medical records, including vaccination records. See exhibits 3, 3a. These records showed vaccination types and dates consistent with those alleged in his petition.

On May 13, 2019, after an initial status conference was held, the undersigned ordered Mr. Salazar Giraldo to file all medical records and/or medical opinion substantiating his claim. See order, issued May 13, 2019, ECF No.14. In response, Mr. Salazar Giraldo subsequently filed other medical records. See exhibit 5. In an August 22, 2019, Mr. Salazar Giraldo stated that he intended not to file additional medical records. Order, issued August 22, 2019, ECF No. 17. Because Mr. Salazar Giraldo had completed his submission of information, the Secretary volunteered to prepare his report.

The Secretary then filed his Rule 4(c) report on October 22, 2019, contesting Mr. Salazar Giraldo's claim of entitlement. See Resp't's Rep., ECF No. 21.

Respondent noted that Mr. Salazar Giraldo "has not submitted any records documenting that he suffered from the alleged episodes of vasovagal syncope." Resp't's Rep. at 4. The Secretary also stated that Mr. Salazar Giraldo "did not submit any medical records documenting that he suffers from HIV." Id. While the Secretary recognized that two medical records could be construed as indicating that Mr. Salazar Giraldo suffered from alopecia areata,[2] he also observed that the records "do not link the vaccinations to his condition." Id. at 5. In addition, the Secretary raised a separate challenge—that the statute of limitations bars almost all of Mr. Salazar Giraldo's claims. Id. at 5-6.

Mr. Salazar Giraldo submitted a document on November 8, 2019, titled "Motion for court to review decision." See Pet'r's Mot., filed Nov. 8, 2019, ECF No. 23. Based on the contents of the document, the undersigned construed this as a motion for ruling on the record and directed the Clerk's Office to docket it. In a status conference held on November 20, 2019, Mr. Salazar Giraldo confirmed that he did not intend to file any additional evidence and was ready for the undersigned to issue a decision based on the record.

After considering the evidence, the undersigned finds that Mr. Salazar Giraldo has not met his burden of proof. This is based primarily on petitioner's lack of medical records or medical opinion specifically showing: (1) diagnoses of vasovagal syncope or HIV; (2) onset of vasovagal syncope within the time frame prescribed by the Table; or (3) evidence of a causal link between his vaccinations and either HIV or alopecia areata.

## II.  Standards for Adjudication

A petitioner is required to establish his case by a preponderance of the evidence. 42 U.S.C. § 300aa–13(1)(a). The preponderance of the evidence standard requires a "trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the judge of the fact's existence." Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010) (citations omitted). Proof of medical certainty is not required. Bunting v. Sec'y of Health & Human Servs., 931 F.2d 867, 873 (Fed. Cir. 1991).

Distinguishing between "preponderant evidence" and "medical certainty" is important because a special master should not impose an evidentiary burden that is

---

[2] See exhibit 5d; see also exhibit 5, Pet'r's Aff. (referring to the notation in stating that "AA is the abbreviation for Alopecia Areata").

3

too high.  Andreu v. Sec'y of Health & Human Servs., 569 F.3d 1367, 1379-80 (Fed. Cir. 2009) (reversing special master's decision that petitioners were not entitled to compensation); see also Lampe v. Sec'y of Health & Human Servs., 219 F.3d 1357 (Fed. Cir. 2000); Hodges v. Sec'y of Health & Human Servs., 9 F.3d 958, 961 (Fed. Cir. 1993) (disagreeing with dissenting judge's contention that the special master confused preponderance of the evidence with medical certainty).

## III.  Analysis

The analysis consists of two parts.  Section A discusses an injury listed on the Vaccine Injury Table, vasovagal syncope.  Section B examines two conditions not listed on the Vaccine Injury Table, alopecia areata and HIV infection.[3]

### A.  Vasovagal Syncope, found in counts 1-4

Mr. Salazar Giraldo alleges that he experienced vasovagal syncope immediately after each of four vaccinations he lists in his petition.  See Pet. at 5, ¶ 4; 6, ¶ 10; 8, ¶ 16; 9, ¶ 23.  Vasovagal syncope is contained in the Vaccine Injury Table for the flu, HPV, meningococcal, and hepatitis A vaccines.  42 C.F.R. § 100.3.  Mr. Salazar Giraldo bears the burden to present persuasive evidence that (1) he suffered vasovagal syncope and (2) the onset of his vasovagal syncope occurred within one hour of vaccination.  See Carter v. Sec'y of Health & Human Servs., No. 04–1500V, 2007 WL 415185, at *3 (Fed. Cl. Spec. Mstr. Jan. 19, 2007); see also 42 U.S.C. § 300aa-13(a) (preventing special masters from awarding compensation "based on the claims of petitioner alone, unsubstantiated by medical records or medical opinion.").  If Mr. Salazar Giraldo met his burden on these subsidiary facts, then Mr. Salazar Giraldo would be entitled to a presumption of causation.

Here, Mr. Salazar Giraldo has not offered any evidence to show that he experienced vasovagal syncope at all, much less that it occurred within this one-hour post-vaccination time frame.  Mr. Salazar Giraldo has not met his burden in showing an occurrence of vasovagal syncope or causation between his vaccination and this alleged injury.

---

[3] The lack of medical records or opinion establishing certain injuries, onset, and causation is dispositive of Mr. Salazar Giraldo's case.  Therefore, the undersigned will not reach the statute of limitations issue raised in the Secretary's report, see Resp't's Rep. at 5-6, in this decision.

Mr. Salazar Giraldo has argued that he is excused from presenting medical records documenting vasovagal syncope because the Vaccine Act allows a special master to make this type of finding.  In particular, the Vaccine Act states

> The special master . . . may find the first symptom . . . of onset . . . of an injury . . . occurred within the time described in the Vaccine Injury Table even though the occurrence of such symptom . . . was not recorded or was incorrectly recorded outside such period.  Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset . . . of the injury . . . did in fact occur within the time period described in the Vaccine Injury Table.

42 U.S.C. § 300aa–13(b)(2).    As this section specifies, Mr. Salazar Giraldo still bears a burden of presenting preponderant evidence that he suffered vasovagal syncope.  Mr. Salazar Giraldo has not identified any medical records, even medical records created years later, that refer in any way to episodes of vasovagal syncope.  In the undersigned's experience, doctors or their staff will typically memorialize episodes of syncope after a vaccination because episodes of syncope might recur with additional injections.  The absence of notation in the medical records that Mr. Salazar Giraldo provided is consistent with a finding that Mr. Salazar Giraldo has not met his burden regarding the occurrence of vasovagal syncope.

### B.    HIV and Alopecia Areata found in counts 2-4

Mr. Salazar Giraldo additionally claims that he "acquired HIV from combined vaccine ingredients and . . . acquired autoimmune disease Alopecia Areata from . . . vaccine-related injury Vasovagal Syncope," after his January 16, 2014 vaccinations. Pet. at 6, ¶ 14.  Given that both alopecia areata and HIV are injuries not included in the Vaccine Injury Table, Mr. Salazar Giraldo needed to provide evidence of causation-in-fact.  See Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

With respect to his claim regarding HIV, Mr. Salazar Giraldo provided no medical records indicating a diagnosis of HIV.  Without preponderant evidence that a petitioner suffers from the condition for which compensation is sought, the petitioner cannot receive compensation.  Lombardi v. Sec'y of Health & Human Servs., 656 F.3d 1343, 1353 (Fed. Cir. 2011).  Furthermore, although Mr. Salazar Giraldo provided some general information from the Centers for Disease Control

5

and AIDSinfo in conjunction with his motion for ruling on the record, he provided no medical evidence explaining how vaccinations can cause HIV.

For his alopecia areata diagnosis, Mr. Salazar Giraldo did provide some evidence.  See exhibit 5d; exhibit 5, Pet'r's Aff.  He submitted a doctor's note made contemporaneously during an appointment on June 20, 2015, and has annotated the document to highlight the notations "AA" and "kenalog."  Exhibit 5d.  In his affidavit immediately following this document, Mr. Salazar Giraldo states "AA is the abbreviation for Alopecia Areata" and "Kenalog injections were used on (AA)."  Exhibit 5, Pet'r's Aff.  Therefore, this decision assumes that Mr. Salazar Giraldo was diagnosed with alopecia areata on June 20, 2015.

However, for alopecia areata, evidence of diagnosis is not sufficient to establish entitlement to compensation.  As the Secretary stated in his report, "those records were generated approximately 17 months after the allegedly causal vaccines, and also do not link the vaccinations to his condition."  Resp't's Rep. at 4-5.  Thus, while there may be a diagnosis, there is no evidence of causation.  For the reasons stated, the undersigned finds that Mr. Salazar Giraldo has not shown by a preponderance of the evidence that his vaccinations caused his alleged HIV and alopecia areata injuries.

## IV.  Conclusion

Mr. Salazar Giraldo has not established that he is entitled to compensation.  Although he established the fact that he was vaccinated, he did not establish that he suffered vasovagal syncope or HIV.  He also has not presented persuasive evidence to establish the flu, hepatitis A, HPV, and/or meningococcal vaccines were the cause-in-fact of any injuries.  Therefore, the undersigned finds that Mr. Salazar Giraldo has not met his burden to show entitlement to compensation.

The Clerk's Office is instructed to issue judgment in accord with this decision if a motion for review is not filed.

IT IS SO ORDERED.

*Christian J. Moran*

Christian J. Moran
Special Master